IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No.  10-cv-03005-LTB

EMC INSURANCE COMPANIES, an Iowa corporation,

        Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY, an Oklahoma corporation,

        Defendant.
_____

ORDER
_____

        This case is before me on Defendant's Motion to Set Aside Entry of Default. [Doc # 8]. After consideration of the motion, all related pleadings, and the case file, I conclude that oral argument will not materially assist in resolution of this motion and grant the motion for the reasons set forth below.

## I. Background

        Plaintiff filed its Complaint against Defendant on December 13, 2010.  On January 11, 2011, after some communications regarding a waiver and acceptance of service by Defendant's counsel, Plaintiff served Defendant with its Complaint through its registered agent, the Colorado Division of Insurance.  Due to mailing delays and Defendant's organizational structure, the Complaint did not reach the office of the responsible person, Frank Pope, until January 31, 2011.  On that same day, a snow storm struck and caused the closure of Defendant's offices for several days.  As a result, Mr. Pope avers that he first saw the Complaint on February 7, 2011. Nonetheless, on February 4, 2011, after inquiring about the status of service, Defendant's

counsel filed an Answer to Plaintiff's Complaint. Defendant's Answer was filed one day after Plaintiff requested entry of default but prior to the clerk's entry of default on February 7, 2011. The Clerk's entry of default states:

> It appearing from the file in this office that a return of service was filed showing service on [Defendant] on January 11, 2011, and that [Defendant] has failed to file a pleading or otherwise defend, default is hereby entered pursuant to Fed. R. Civ. P. 55(a).

*See* Doc # 6.

## II. Standard of Review

An entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c). The good cause standard is a liberal one because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna,* 331 F.3d 1148, 1152 (10th Cir. 2003). In determining whether to vacate a clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. 2003) (*citing United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993)). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005) (*citing In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir .1992)).

### III. Analysis

The parties discuss Defendant's degree of culpability, prejudice to Plaintiff, and Defendant's defenses at some length. I conclude that each of these factors weighs in favor of setting aside the default entered against Defendant. Among other things, I am satisfied that Defendant did not knowingly ignore Plaintiff's Complaint and the deadline for filing a responsive pleading and fail to see how Plaintiff will be prejudiced by litigating its claims as it originally anticipated based on communications with Defendant's counsel. More importantly, since Defendant had already filed its Answer, default was entered on the faulty premise that Defendant had failed to file a responsive pleading or otherwise defend itself against Plaintiff's claims. Under these circumstances, I conclude that Defendant has shown "good cause" for setting aside the clerk's entry of default against it.

Accordingly, IT IS HEREBY ORDERED that

1. Defendant's Motion to Set Aside Entry of Default. [Doc # 8] is GRANTED;

2. Defendant's Answer to Complaint for Declaratory Judgment and Other Relief [Doc # 5] is deemed timely filed; and

3. The hearing on Defendant's Motion set for April 21, 2011 at 9:00 a.m. is VACATED.

Dated: April   8  , 2011, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE