IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03005-LTB-KLM

EMC INSURANCE COMPANIES, an Iowa corporation,

    Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY, an Oklahoma corporation,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Scheduling Order to Disclose Expert** [Docket No. 55; Filed September 14, 2012] (the "Motion"). Defendant has filed a **Response** [#60; Filed September 21, 2012] (the "Response") and Plaintiff has filed a **Reply** [#61; Filed September 25, 2012] (the "Reply"). For the reasons below, the Court **DENIES** the Motion.

**I.   BACKGROUND**

In its recent Order [#63] granting Plaintiff's oral Motion to Compel, the Court summarized the factual and procedural background of the case, relying in large part on the background section of the summary judgment Order [#51] issued on August 2, 2012. In light of those recent Orders, the Court will not repeat that information here.

**II.   DISCUSSION**

    **A.   Parties' Arguments**

Plaintiff seeks leave to disclose an expert witness regarding the reasonableness of

its "'pursuit'" fees and costs incurred as consequential damages." [#55] at 1. Plaintiff contends that this request was prompted by the District Judge's summary judgment Order [#51] which, according to Plaintiff, prohibits Plaintiff from pursuing its attorneys' fees and costs in the instant action through its claims for equitable subrogation and contribution but permits recovery of such fees and costs as consequential damages. [#55] at 2. Plaintiff claims that as a result of the Order [#51], the attorneys' fees and costs are no longer "recoverable in a post-trial setting, but may be recoverable as consequential damages that must be presented as evidence during trial." *Id.* Plaintiff argues, therefore, that its untimely request for an expert on the reasonableness of attorneys' fees and costs incurred in this action is warranted in light of the summary judgment Order's [#51] effect on Plaintiff's claim for fees and costs. [#55] at 3.

Plaintiff further argues that earlier disclosure of an expert on this issue would have been premature because Plaintiff continues to incur such fees and costs in this ongoing litigation. [#55] at 4. Plaintiff contends that it would have had to constantly amend the disclosure deadline each month to submit new fee and cost figures along with the expert's opinion on their reasonableness. Finally, Plaintiff argues that there would be no prejudice to Defendant if the request is granted because no expert depositions have yet been taken and because Defendant has been on notice since the beginning of the case of Plaintiff's intent to recover these fees and costs.

In the Response, Defendant first argues that the Motion should be denied because the District Judge's summary judgment Order [#51] bars Plaintiff from recovering attorneys' fees or costs incurred in this action. Second, Defendant argues that absent an authorizing statute or contract, Plaintiff is barred by the American Rule from recovering attorneys' fees

2

in this action. Defendant contends that the American Rule would be meaningless if parties were simply allowed to re-characterize attorneys' fees as consequential damages. Third, Defendant argues that even if Plaintiff were eligible to recover attorneys' fees incurred in this action, the expert disclosure deadline was April 9, 2012, and an untimely disclosure is unwarranted here.

In the Reply, Plaintiff does not address Defendant's first argument that the summary judgment Order [#51] bars Plaintiff from recovering attorneys' fees and costs incurred in this action. Regarding Defendant's second argument, Plaintiff contends that the American Rule does not apply under these circumstances because the "wrong of another" doctrine, as recognized by the Colorado Supreme Court, authorizes the recovery of attorneys' fees here. With respect to Defendant's third argument that an untimely disclosure is not justified here, Plaintiff reiterates that its request for a late expert disclosure resulted from the District Judge's summary judgment ruling, which was issued only 35 days before Plaintiff filed the instant Motion.

**B.   Analysis**

Two of Plaintiff's six claims for relief in the Complaint, the equitable subrogation and equitable contribution claims, "seek reasonable costs and attorneys' fees stemming from this action." [#51] at 40; [#1] at 11-14. "[R]easonable attorney's [sic] fees and costs to pursue this action" are also included in the final paragraph of the Complaint, which lists the remedies Plaintiff is seeking. [#1] at 17-18.

The District Judge directly addressed Plaintiff's attorneys' fees claims in the summary judgment Order:

> One aspect of the equitable subrogation and contribution actions

> linger: their claim for reasonable attorneys' fees and costs deriving from *this* action. These are not recoverable because coverage was absent here. *Wheeler*, 835 P.2d at 577 ("[I]f the trial court finds that the incident resulting in liability *was covered by the policy*, then in addition to the expenses which the insured incurred in defending himself against the third party, the insurer also will be liable for attorney fees from the insured's action against insurer for breach of duty to defend.") (emphasis added). Accordingly, I further grant Mid-Con's motion to the extent it seeks summary judgment of the portions of EMC's equitable subrogation and contribution claims seeking reasonable costs and attorneys' fees from this action.

[#51] at 44. Plaintiff interprets the Order to mean that although it is prohibited from recovering attorneys' fees and costs derived in the instant action through its claims for equitable subrogation and contribution, it may seek to recover them as consequential damages. In making this argument, Plaintiff appears to rely on language in the Order that states:

> If it is found that Mid-Con did not discharge its duty, it would be liable to EMC for a pro rata portion of attorney fees, costs and expenses incurred in reaching settlement in the underlying litigation, as well as consequential damages.

[#51] at 43.

The Court disagrees with Plaintiff's interpretation of the summary judgment Order [#51]. The District Judge's determination that Plaintiff may recover consequential damages if it is found that Defendant failed to discharge its duty to defend is just before the discussion of Plaintiff's claim for attorneys' fees and costs incurred in this action. [#51] at 43, 44. The subsequent discussion of attorneys' fees and costs made clear that they "are not recoverable because coverage was absent here." [#51] at 44. The Order is unequivocal that given the nonexistence of coverage in this case, Plaintiff is not entitled to seek its reasonable costs and attorneys' fees incurred in this action. *See id.* If the District Judge intended attorneys' fees and costs to be included among the consequential damages

4

potentially available to Plaintiff, he would have said so, especially since he had just addressed Plaintiff's potential eligibility for consequential damages. There is nothing in the Judge's Order to suggest he intended to allow Plaintiff to simply re-characterize its attorneys' fees and costs incurred in this action as consequential damages. The Order is clear that those fees and costs are not recoverable here and this Court will not infer otherwise. The Court therefore finds that the District Judge's conclusion that Plaintiff's attorneys' fees and costs incurred in this action are not recoverable is the law of the case. *See Dobbs v. Anthem Blue Cross and Blue Shield*, 600 F.3d 1275, 1279-1280 (10th Cir. 2010) ("The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

### III.     CONCLUSION

Having determined that the summary judgment Order [#51] precludes Plaintiff from recovering its attorneys' fees and costs incurred in this action, the Court finds that Plaintiff's request to disclose an expert witness regarding the reasonableness of such fees and costs is moot. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#55] is **DENIED AS MOOT**.

Dated:  October 22, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge